GEORGE G. GRIFFIN et al., *Appellees,* v. THE FREDONIA BRICK COMPANY, *Appellant.*

No. 18,341.

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Safe Place to Work—Actionable Negligence.* The law of this case as declared in a former appeal (84 Kan. 347, 114 Pac. 217) is followed.

2. ———— *Evidence—Issue Properly Presented to Jury.* The evidence is reviewed and it is held that questions of fact relating to the charges of negligence were properly submitted to a jury.

3. ———— *Evidence—Photographs of Place of Accident Properly Admitted.* Photographs purporting to be of the bank in a shale pit where the injury occurred, identified by the photographer, were properly admitted in evidence.

4. ———— *Death of Minor Son—Measure of Damages.* Where a youth seventeen years of age, physically strong, who had worked in his father's store and for others, earning fair wages, is killed through negligence, an instruction that in awarding damages the jury may, if they find that he had previously contributed anything to his parents, consider what he might reasonably be expected to contribute to them after arriving at the age of twenty-one years, is not erroneous.

Appeal from Wilson district court. Opinion filed July 5, 1913. Affirmed.

*J. T. Cooper,* of Fredonia, *H. P. Farrelly,* and *James M. Kennedy,* both of Chanute, for the appellant.

*W. H. Edmundson,* and *P. C. Young,* both of Fredonia, for the appellees.

The opinion of the court was delivered by

BENSON, J.: This is the second appeal in this case. The first was by the plaintiffs from a judgment sustaining a demurrer to their evidence. (*Griffin v. Brick Co.*, 84 Kan. 347, 114 Pac. 217.) This appeal is by the defendant from a judgment awarding damages to the plaintiffs for the death of their minor son, a laborer at the defendant's brick manufactory.

The facts, stated in the first opinion, need not be restated here.

The negligence charged was the failure to make the place where the employee worked reasonably safe and to properly inspect the shale pit where he was killed. The law applicable to the case was stated in the former opinion. The evidence at the last trial was substantially the same as at the first trial unless it differs in respect to the following matters. At the first trial it appeared that the person whose duty it was to look after the bank of the shale pit, while engaged in that work saw a boulder or lump sticking out from the wall at a place three or four feet below the top, which he could not get down with the tools he was using. At the last trial the person charged with this duty testified:

"I did n't see any boulder but it stuck out there. There was never any boulder there, there was some clay stuck out and I worked hard and I got it down until I thought it was safe."

Another witness testified:

"The place where the boy was injured looked worse than any place close around about there. I saw it before the boy was killed, but don't know just when; don't know how long I had noticed it, but had noticed it after we had passed it. The difference was that the place stuck out worse than other places. Yes, I saw this after Mr. Shea had been up there, it stuck out more after it was pried off; right in this particular place than it did right around close to it."

Griffin v. Brick Co.

And another said:

"You have got to be careful because that clay sits on that shale and between the clay and the shale is smooth, if there is a pitch between the two; then it is liable to slide in there."

The evidence showed that the condition of the bank could be better observed from the top than from the bottom, and cracks usually appeared at the surface above before a fall, and such cracks served as indications of danger. Following such indications there would be what were termed "cave-ins" or "tumbles over," these terms indicating a slide of material from the face of the bank or fall from the surface. The cracks referred to were of frequent occurrence and considerable evidence was given of their appearance. The difference in the evidence at the two trials respecting the appearance of the wall appears to be in its positiveness only. The testimony at both trials tended to prove the same fact.

It was a question of fact whether from the appearance of the bank at that place where, as testified to, it "stuck out worse than other places," and from the cracks above and the entire appearance, the company exercised reasonable care in making inspections and in making the place reasonably safe for its employees. In passing upon the demurrer to the evidence the court could not say as matter of law that reasonable diligence had been shown. It was a question of fact for the jury. A projection of the material was observed after the bank had been barred down at the point from which it afterwards fell. It is true that the person whose duty it was to do this work testified that he thought the bank was safe. Still he left the protuberance there and it held the fatal rock. By its fall the young man working immediately at the foot of the bank lost his life without any fault on his part. While, as said in the former opinion, there was much to indicate that the inspector was not at fault, the protuberance was

apparent; and whether it was a menace, which, in connection with other circumstances shown, required further attention and action by the defendant for the reasonable safety of its laborers, was a question of fact for the jury.

Complaint is made of the admission in evidence of photographs taken after the casualty occurred. Testimony of the photographer was taken but is not abstracted. Neither are the photographs presented. The objection was that a sufficient foundation was not laid, and that the conditions were not the same when they were taken as existed at the time of the accident. It must be presumed that the preliminary proof was sufficient in the absence of anything appearing to the contrary. The fact that the photographs were taken after the occurrence would not destroy their utility as an aid to the jury in understanding the evidence relating to the situation and surroundings. The fact that witnesses for the defendant testified that the picture did not show the bank in question, or the bank at the place of the accident, affected the weight of the evidence afforded by the photographs, but not its admissibility.

That part of an instruction relating to the measure of damages was objected to which informed the jury that if it should be found from the evidence that the deceased in his lifetime contributed to the support of his parents then they might allow such sum as the evidence discloses he might reasonably have been expected to contribute after arriving at the age of twenty-one years. The young man was seventeen years of age in June preceding his death, strong and in good health, a graduate of the common schools, and preparing for a business college in which he had paid for a scholarship. He had worked in his father's store, and in a smelter and gas plant, and was earning $1.50 per day in the brick plant. In the light of these facts no just ground for complaint is found in the instruction

concerning damages, a part of which has been referred to. (*Railway Co. v. Fajardo,* 74 Kan. 314, 86 Pac. 301.)

The finding of negligence being supported by competent evidence, and no erroneous rulings being found, the judgment is affirmed.