No. 34,918

Margaret Maxfield, *Appellee*, v. Fox Kansas Theatre Company, alias Granada Theatre, *Appellant*.

(107 P. 2d 685)

Opinion filed December 7, 1940.

*Louis R. Gates,* of Kansas City, *Inghram D. Hook* and *Harry Thomas,* both of Kansas City, Mo., for the appellant.

*Fred Robertson, Edward M. Boddington* and *J. O. Emerson,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action to recover damages for injuries sustained in a fall in a theater. After a prolonged trial, a verdict was returned in favor of the plaintiff. Defendant filed its motion for a new trial on all grounds specified in the code of civil procedure, and upon consideration of the motion, the trial court found it should be overruled insofar as liability of the defendant was concerned, but should be sustained as to the amount of damages and a new trial granted on that issue only, and it ruled accordingly. Defendant perfected its appeal from that ruling as well as all other adverse rulings and judgments made, specifying error in the particulars hereafter discussed. We take up various matters in the order presented in appellant's brief.

The first complaint is that error was committed in admitting in evidence a certain photograph and in denying a motion to strike. The claim made in the petition was that the accident occurred in the afternoon of August 28, 1938, and was caused by plaintiff catching the heel of her shoe in a hole in the carpet on one of a series of steps, constituting an aisle in the balcony of the theater. On November 11, 1938, a photograph was taken of the particular step on which the accident was alleged to have occurred. When it was taken, a boy had his fingers under the edge of the carpet which was slightly

lifted to show the hole. The photographer who took the picture testified as to how it was taken. One Helwig, who was the custodian of the theater at both dates, and who testified fully as to conditions, was shown the photograph and testified that it was a fairly accurate representation of the condition of the step and carpet as it existed on August 28, 1938. There was also some testimony as to how loosely the carpet lay on the floor and as to the distance it was movable forward and backward and across the length of the step. There was a great deal of argument in the trial court on the admissibility of the photograph and on the motion made and later repeated to strike it, the contention being made that the photograph was specially posed, that the position of the carpet was changed, that there was no showing of identity of position and condition at the two dates, etc. No good purpose will be served by reviewing all of the testimony, which is voluminous. We have examined it and agree with the view expressed by the trial court that the photograph was properly identified; that it was a fair representation of conditions at the time of the accident had been shown; that the matters as to the hole in and the movability of the carpet on the step had been shown by various witnesses, and that the photograph only showed those things. The trial court did not err in admitting the photograph in evidence nor in denying the motions to strike.

It is next contended that Clifford Bantleon was not a competent witness. Bantleon is an attorney at law and had made some investigation and had interviewed prospective witnesses. The trial of the case extended over fourteen days. During the first two days he was present, but was not sworn as a witness, nor was he excluded from the courtroom under a rule of the court. During the presentation of the defense, a witness, Mrs. Gaignat, testified that Mr. Boddington had interviewed her. Plaintiff wished to dispute that statement and certain of her testimony, and in rebuttal called Bantleon as a witness. Objection was made on the ground that under the rule of court he had not absented himself from the courtroom; that under Canon 19 of the Code of Professional Ethics (see 144 Kan. pp. vii, xi) he was incompetent; that he knew his testimony would be needed and participated in the trial as an attorney, and therefore he should not be permitted to testify. The court overruled the objection and Bantleon testified. Later, a motion to strike his testimony was denied. Such journal entries as are shown in the abstract and the one attached to the notice of appeal covering the trial, do not dis-

close that Bantleon was of counsel for anyone, and the record as abstracted does not disclose that he acted as an attorney in the trial of this case. We are of the opinion the trial court did not err in holding that Bantleon was a competent witness.

It is next contended the trial court erred in permitting Bantleon to testify to certain matters said by appellant to be improper impeachment, and by the appellee to have been offered only to show the interest of a certain witness in the result of the action. Mrs. Gaignat had testified, and on cross-examination was asked, about a certain interview which she said was with Mr. Boddington, at which time a written statement of her version of the accident was prepared, which she did not sign. Later, Bantleon was called in rebuttal and stated he was the person who interviewed Mrs. Gaignat. He was asked whether she was asked to sign the statement, and answered she was. He was then asked her answer, and objection was made that it was an impeachment of Mrs. Gaignat and that no proper foundation had been laid. The trial court sustained that particular objection, but allowed the witness to answer as showing her interest. Pages and pages of the abstract are devoted to the testimony before the court in the absence of the jury, to the testimony in the presence of the jury, to the objections and the argument before the trial court, much of the matter being repeated in the briefs. We have carefully reviewed the whole matter, including other questions and answers set out in the appellant's abstract and brief of which complaint is made, and have reached the conclusion the trial court did not err.

The trial court overruled defendant's demurrer to plaintiff's evidence, and that ruling is assigned as error. The contention is that the evidence showed plaintiff to have been guilty of contributory negligence. Appellant contends that essentially plaintiff showed she went into the theater and was directed to go to the balcony, as the first floor was occupied; that she went to the balcony, there was no usher, there was no light, she started down the aisle and fell from the step—in other words, she did not use due care for her own safety. In support, appellant cites *Hardman v. Stanley Co. of America*, 125 Pa. Super. Ct. 41, 189 Atl. 886, where under a similar state of facts, the evidence showed plaintiff missed a step she could not see, and where a directed verdict against her was sustained. That case is not controlling here, for appellant overlooks the fact plaintiff did not miss the step, she caught the heel of her shoe in a hole in the carpet and fell down. Under our decisions, there is no

doubt the question whether she was negligent was to be resolved from all of the evidence by the jury and could not be determined as a matter of law by the court.

It is also contended the trial court erred in refusing to give a requested instruction that if plaintiff fell on the fifth step the verdict should be for defendant. Plaintiff's petition alleged the fall was near the third step, and her proof showed the hole in the carpet was on the third step. Where she fell was sharply disputed. The trial court instructed the jury plaintiff had to prove the material allegations of her petition or the verdict must be for the defendant. No objection seems to have been made to the instructions given. We have examined them and are of opinion the matter was sufficiently covered and that the refusal to give the requested instruction was not erroneous.

On a certain day of the trial, an adjournment was taken for the day. One of the jurors made an affidavit that in his presence one of the attorneys said to plaintiff she need not come back that day, and she replied in substance she was glad because the way she was feeling she would go home and go to bed. The other eleven jurors made an affidavit they never heard any such a conversation and no reference was made to it in the jury room. The plaintiff also made a disputing affidavit. The trial court concluded there was no misconduct. The matter was primarily for the trial court. Our examination of the record discloses no reason for disturbing its ruling.

Appellant also charges that the trial court erred in not discharging the jury because of improper conduct of opposing counsel. Very briefly stated, counsel on both sides bickered as to certain statements made in the presence of the jury. Finally, on some argument outside the presence of the jury, plaintiff's counsel stated the matter ought to proceed in the hearing of the jury, the case proceeded, more objections were made as to whether the jury heard or didn't hear certain statements and, finally, plaintiff's counsel stated that he thought plaintiff was entitled to a public trial, and to get up and whisper at the bench was not a public trial. When the last statement was made, defendant moved to have the jury discharged. We shall not discuss the matter of who was to blame, whether there was provocation, etc. The trial court heard the whole matter reviewed on motion for a new trial and concluded the defendant had not been prejudiced. We agree.

And finally, it is argued the trial court erred in denying the mo-

tion for a new trial. The same matters were presented there as are discussed above, and for reasons above given, the trial court did not err in its ruling.

It follows the judgment of the trial court should be, and it is, affirmed.