No. 42,712

ROBERT B. WILLIAMS, *Appellee,* v. ELDON HENDRICKSON, *Appellant.*

(371 P. 2d 188)

Opinion filed May 5, 1962.

*Willliam H. Stowell,* of Phillipsburg, argued the cause, and *Doris Dixon Stowell,* also of Phillipsburg, was with him on the briefs for the appellant.

*Wm. P. Thompson,* of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, H. E. Jones, Jerome E. Jones, Robert J. Roth* and *William R. Smith,* all of Wichita, and *Arno Windscheffel,* of Smith Center, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was an action filed by plaintiff (appellee) Robert B. Williams against Eldon Hendrickson, defendant (appellant), to recover for personal injuries and property damage sustained by reason of the alleged negligence of the defendant.

Plaintiff alleged that while he was driving his automobile in a westerly direction on U. S. Highway 36 defendant, operating his automobile in the same direction, negligently struck plaintiff's car in the rear, which resulted in injury to plaintiff and property damage to his vehicle.

Defendant answered that he saw the plaintiff drive his car onto highway 36 ahead of him; that plaintiff did not speed up sufficiently to match defendant's speed and defendant was barred from passing by a truck approaching in the passing lane and by a no-passing zone on the highway; that defendant applied his brakes to avoid striking the rear of plaintiff's automobile, but without effect; that defendant acted in an emergency not caused by his negligence; and that plaintiff was guilty of contributory negligence.

Plaintiff replied by way of a general denial.

On the issues thus joined the case proceeded to trial to a jury, which returned a general verdict in favor of the plaintiff and at the same time returned its answers to special questions submitted to it finding defendant guilty of negligence in operating his automobile; that plaintiff was free from contributory negligence; that there was no sudden failure of the brakes of the vehicle driven by defendant; that the accident aggravated existing injuries to plaintiff; and that plaintiff was entitled to damages in an amount specified for personal injuries and property damage.

From an order of the trial court overruling defendant's post-trial motions and entering judgment in plaintiff's favor, defendant appeals.

A brief résumé of the facts follows. At approximately 8:00 p. m. on March 16 plaintiff drove his automobile south to U. S. Highway 36. After stopping at the stop sign, and seeing no oncoming traffic, he turned right onto the highway, and after proceeding in

a westerly direction at a speed of twenty-five to thirty miles an hour for a distance of about two blocks his vehicle was struck in the rear by an automobile proceeding in the same direction being driven by defendant. The force of the collision caused the front seat of plaintiff's car to fall over backwards and forced the automobile into a culvert on the right side of the road. By reason of the collision plaintiff suffered personal injury and damage to his car.

The undisputed evidence disclosed that the defendant had previously consumed four bottles of beer. Defendant testified he was driving his automobile at a speed of sixty miles an hour and his headlights were in operation; that he observed plaintiff's car at the stop sign at the entrance to U. S. Highway 36 and observed plaintiff drive onto the highway; that he expected plaintiff's automobile to accelerate to match his own speed and when this did not occur he was too close to plaintiff's car to avoid a collision. Defendant further testified that when he did attempt to apply his brakes they were ineffective and that he was unable to pass plaintiff on the left by reason of an oncoming car. Plaintiff testified that he did not recall seeing any vehicle coming toward him after he turned west.

After the collision the parties were taken to the hospital where defendant gave his written consent to the sheriff to have his blood tested for alcoholic content. The sheriff called Dr. Bauer who withdrew the blood that was later tested by a chemist and found to have an alcoholic content of 0.168% by weight. The doctor testified that a blood alcohol above 0.16% indicates that it is well within the inebriated level. The doctor further testified that he observed the odor of alcohol on defendant's breath, noted that he was unsteady, his speech was slurred, and it was the doctor's opinion that defendant was under the influence of alcohol. He stated defendant was not his patient.

Two mechanics testified that they tested the brakes of defendant's car the following day and that there was a half pedal of solid brake, which, in their opinion, showed that the brakes were good.

In view of the questions raised no useful purpose could be gained in further relating the evidence. Suffice it to say that plaintiff's petition stated a cause of action and that the court did not err in overruling the demurrer lodged thereto, that the evidence was sufficient to warrant the trial court's order overruling defendant's motion for a directed verdict at the close of all of the evidence, and from our

review of the entire record the evidence was sufficient to sustain the general verdict and the answers to the special questions submitted to the jury.

Defendant contends that the trial court erred in restricting his *voir dire* examination of three prospective jurors and in overruling defendant's challenge for cause of each juror. The *voir dire* examination of a juror is in the nature of a trial to the court of his qualifications to sit as juror in the case, and the judgment of the trial court on that matter, when supported by substantial competent evidence, and not contrary to our statute, will not be disturbed by this court. (*Bailey v. McLeod,* 143 Kan. 638, 56 P. 2d 460; *Parnell v. Security Elevator Co.,* 174 Kan. 643, 258 P. 2d 288; *Critchfield v. Ernzen,* 181 Kan. 284, 290, 310 P. 2d 930.) It is noted that the challenge was not made by defendant until after all of the jurors had been interrogated and one had been passed by defendant. An examination of the record does not reveal any grounds for challenge for cause of any of the three jurors. Each of them stated they would be able to render a fair and impartial verdict if they were chosen to sit. Moreover, the three jurors challenged for cause did not sit as jurors in the trial of the case, defendant having excused them by a peremptory challenge; hence, the error, if any, of the court's ruling on the challenge for cause becomes of but little importance, since no complaint is made of the qualifications of any juror who participated in the trial. (*Bailey v. McLeod,* supra, p. 640; *Critchfield v. Ernzen,* supra.) The trial court did not abuse its discretion or commit reversible error in refusing to disqualify the jurors in question nor in its conduct of the *voir dire* examination.

Defendant next contends that the result of the blood test was inadmissible in evidence for the reason that it was given under the provisions of G. S. 1961 Supp., 8-1001, and its admissibility is limited to criminal actions. The language of the statute imposes no limitations in the use of the blood alcohol test to criminal actions. We are of the opinion such evidence, if properly obtained and accurately identified, may be admitted in a civil action where pertinent to the issues involved in the case.

It is also asserted that Dr. Bauer was incompetent to testify inasmuch as he had taken the blood from the defendant and there was thereby created a doctor-and-patient relationship, and that any information pertaining to the test was privileged. Defendant gave to the sheriff his written consent to submit to a chemical test of his

blood for the purpose of determining the alcoholic content thereof. The sheriff then called Dr. Bauer who withdrew the blood and turned it over to the chemist for analysis. Dr. Bauer was not the defendant's physician and no doctor-and-patient relationship existed; therefore, the doctor's testimony was not privileged. Moreover, this evidence was merely cumulative. The doctor had testified that he observed the odor of alcohol on defendant's breath and noted that his speech was slurred, and it was the doctor's opinion that the defendant was under the influence of alcohol. The court did not err in the admission of the report of the blood alcohol test or in admitting the testimony of Dr. Bauer.

When defendant's counsel cross-examined plaintiff he attempted to use a deposition of the plaintiff taken in a discovery proceeding in an action in the United States district court, in which action plaintiff was not a party, for the purpose of impeachment. It is evident from the record that defendant's intention was to attempt to impeach plaintiff by showing prior inconsistent statements made at the time the deposition was taken. The trial court sustained an objection to defendant's counsel reading from the deposition but permitted him to examine plaintiff as to whether or not plaintiff had made certain statements and if they were true. It would appear to be improper to allow defendant to accomplish indirectly what the law does not allow him to do directly. It would be improper to allow defendant to use the deposition taken in another action in which there was no identity of issues or of parties with the instant case. A deposition taken at a time when the witness is not a party to the action cannot be used against him in a subsequent action wherein he is a party. (*McFadden v. McFadden,* 179 Kan. 455, 461, 296 P. 2d 1098.) Defendant was not prejudiced by the trial court's ruling preventing his use of the deposition because in further questioning of plaintiff concerning whether or not he had made certain statements on an earlier date defendant was unable to show any statement inconsistent with plaintiff's testimony in the instant case. It is a well-established rule in this jurisdiction that prior statements must be inconsistent with the witness' testimony for purposes of impeachment. (*Hancock v. Bevins,* 135 Kan. 195, 9 P. 2d 634.) It should be noted that the trial court did not prevent defendant from inquiring into the nature of the statements plaintiff made at the time the prior deposition was taken. Defendant failed to show any prior inconsistent statements made by the plaintiff at the time the deposi-

tion was taken in the former case and failed to lay any foundation upon which to impeach the plaintiff, and he was not, therefore, prejudiced by the court's ruling.

At the close of the trial defendant's counsel requested the court to submit to the jury certain special questions prepared by him. This request was partially denied and in lieu thereof the court submitted six of its own. Defendant contends that under G. S. 1949, 60-2918, he has the right to request and have submitted at least ten special questions, and that it was error for the court to refuse his request. We recognize the force of the mentioned statute; however, it is only applicable where the requested questions are based on material controverted facts and whether or not they are of the type that there is evidence from which the jury can answer them. It is a well-recognized rule in this state that the trial court has a wide discretion respecting special questions to be submitted to the jury, and when it appears the questions are neither pertinent to the issues nor supported by the evidence, nor intend to bring out some ulti·· mate fact in the case, it is proper to refuse to submit them. It is the duty of the trial court to supervise and shape special interrogatories that are submitted to the jury, and the court may reject questions that are improper or immaterial and limit the questions to ultimate facts on controverted issues. (*Kurdziel v. Van Es*, 180 Kan. 627, 632, 633, 306 P. 2d 159.) We have carefully considered defendant's requested questions, and those submitted by the court, and are of the opinion that the questions submitted sufficiently cover all of defendant's requests which are material to the controversies involved.

Defendant next contends it was error for the court to refuse to give certain of his requested instructions. We shall not attempt to list these requested instructions and those given by the court. Suffice it to say they have been examined, and we believe the instructions given adequately cover the matter contained in the requested instructions so far as material to the issues involved.

It is also contended that the court erred in its instructions given to the jury. We are of the opinion that the instruction given adequately stated the law as applicable to the facts in the instant case.

In view of what has been said, the judgment of the trial court reflects no prejudicial error. It is therefore affirmed.

It is so ordered.