No. 44,664

STATE OF KANSAS, *Appellee,* v. RAY G. EMERY, *Appellant.*

(440 P. 2d 613)

Opinion filed May 11, 1968.

*William F. Stahl,* of Junction City, argued the cause and was on the briefs for the appellant.

*Joseph E. Cole,* Special Assistant County Attorney, argued the cause, and *Robert Londerholm,* Attorney General, and *Richard H. Seaton,* Assistant Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction of burglary in the second degree and grand larceny.

The facts as disclosed by the prosecution may be summarized.

At about 1:00 a. m. on September 7, 1965, the manager of a cafe on North Washington Street, Junction City, Kansas, locked the door and started home. She heard glass breaking in a tavern a few doors away. She immediately re-entered the cafe and called the police. A man was seen entering the tavern through a transom covering an airduct by the first policeman to arrive. He waited until the building was surrounded by other policemen. He then looked into the tavern and saw the intruder peering at him from behind the bar. The intruder ran to the back of the tavern toward the alley where he was confronted by a waiting policeman. He threw a bag containing money at the policeman, turned, ran back into the tavern and crashed through the glass in the front door to the street. The intruder was pursued by two policemen for a few blocks when he was captured. He was only out of the sight of the pursuing policemen for a few seconds. He was taken to the police station where the clothes he was wearing were identified as those being worn by the intruder at the tavern.

The officers returned to the scene and discovered the bag of money which had been thrown by the intruder at the back door of the tavern when he saw the policeman. The juke box had been

broken into, since the closing of the bar, and the amount shown to be taken from the machine was the approximate amount found in the sack allegedly thrown by the defendant.

On appeal from his convictions the appellant claims three trial errors.

He first contends that the trial court erred in admitting as evidence three pictures taken at the scene of the crime.

The pictures were introduced only for the purpose of assisting the jury with the description of the premises.

A police officer testifying for the appellee first stated that he took the pictures at about 1:00 a. m. He later corrected his testimony to state that they were taken just as the sun came up. We do not see that the brief discrepancy as to time in any way affected the competency of the pictures for the purpose for which they were used. There was no suggestion that there had been any change in the building in the four hour period.

The fact that the photographs were taken after the occurrence would not destroy their utility as an aid to the jury in understanding of the evidence relative to the building and its surroundings. (*Griffin v. Brick Co.*, 90 Kan. 375, 133 Pac. 574.)

Neither do we find any merit in appellant's contention that the pictures violated the best evidence rule because the premises themselves constitute the best evidence.

Where conditions of premises are relevant, photographs may be introduced. (*Hamilton v. Railway Co.*, 95 Kan. 353, 148 Pac. 648; *Noller v. Aetna Life Ins. Co.*, 142 Kan. 35, 46 P. 2d 22; *Maxfield v. Fox Kansas Theatre Co.*, 152 Kan. 716, 107 P. 2d 685.) The best evidence rule has no application to the admission of pictures of the scene of a crime.

The appellant next contends that the court erroneously admitted as evidence the bag of money. The appellant appears to suggest that the bag of money was not sufficiently connected with the appellant and the crime.

One police officer testified that he heard a "jingling sound" as the bag of money was thrown or dropped by the intruder when he was confronted by the policeman at the back alley. The officer testified that he picked up the bag and money and took it to the police station. The bag was identified as the same and the money as the same amount as that taken from a music box located in the tavern. The intruder was identified as the appellant captured while fleeing from the premises.

The contention is not worthy of further consideration.

The appellant suggests that the evidence was not sufficient to support the verdict for two reasons. He first makes the rather ingenious argument that on three occasions the culprit ran around buildings and was out of sight of the pursuing officers for two or three seconds at a time. He further suggests that during such time the officers might have lost their man and pursued another. Assuming that there could have been men running in relays, they would hardly have had time to change clothes while the officers were rounding the corner of a building. The testimony was to the effect that the party, when captured, was wearing the same clothes as the intruder at the scene of the crime.

The appellant further argues there was testimony that the appellant ran through the glass panel in the front door of the tavern, and—

"There is no evidence shown that there was any cuts, bruises, scrapes, wounds or anything else on the defendant which would indicate to a jury that the defendant in this case was the person who went through the glass in the front door of the B & A Tavern. . . ."

The jury may well have concluded that this was the one piece of good luck the appellant had during the entire night. The evidence is ample to support the appellant's guilt.

The judgment is affirmed.

APPROVED BY THE COURT.