No. 45,301

A. M. SHEPARD, *Appellant,* v. CURTIS N. DICK and EDITH MAE DICK and FIRST NATIONAL BANK AT OSWEGO, KANSAS, *Appellees.*

(453 P. 2d 134)

Opinion filed April 12, 1969.

*Charles F. Forsyth,* of Erie, argued the cause and *Clark M. Fleming,* of Erie, was with him on the brief for appellant.

*John B. Markham,* of Parsons, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

FROMME, J.: A. M. Shepard filed this action to obtain specific performance of a contract to convey a 400 acre farm in Labette county, Kansas. Curtis N. Dick and Edith Mae Dick answered seeking cancellation of the contract. They alleged the consideration for the sale was so grossly inadequate it shocked the conscience and the contract was procured by fraud, coercion and overreaching on the part of plaintiff.

A trial was had to the court. Specific performance was denied. Cancellation of the contract was decreed and plaintiff has appealed.

The findings upon which the judgment rests are set forth in the journal entry as follows:

". . . [T]he Court further finds that during the time of the contractual relationship of the parties, defendant Curtis N. Dick was incapacitated both physically and mentally and incapacitated to transact business and that plaintiff had knowledge of both the physical and mental incapacity of Curtis N. Dick; that defendants had no independent advice as to the fair market of said farm nor a fair opportunity to seek such advice and were uninformed; that the consideration involved herein is so greatly and grossly disproportionate to the actual value of said farm that the same offends against fair dealings; that the inadequacy of consideration being accompanied by inequitable incidents showing bad faith such as concealment, misrepresentation and overreaching and undue advantage by plaintiff of the ignorance and incapacity of defendants created a marked inequality of plaintiff against defendant Curtis N. Dick; that the contract is not fair and just; that defendants were entitled to rescind said contract and the Court finds generally in favor of defendants and against plaintiff."

Plaintiff questions the admission of evidence and the sufficiency of the evidence. A recitation of facts gleaned from the evidence is necessary. The evidence favorable to the prevailing party below will be considered on appeal. (See 1 Hatcher's Kansas Digest (Rev. Ed.), Appeal and Error § 496.)

The farm in question was purchased by the Dick family in 1935 for $8,000. Curtis N. Dick farmed the land from 1936 to 1965. He was a single man and lived alone on the farm. Edith Mae Dick, his sister, taught school for many years in Perry, New York. She was an elderly maiden lady and spent portions of her summer vacation on the farm with her brother. Mr. Dick became ill in July 1965. Miss Dick quit teaching at that time and began caring for her brother.

In September 1965 Curtis N. Dick executed a joint tenancy deed

conveying the farm to himself and Edith Mae Dick as joint tenants with right of survivorship.

In May 1966 plaintiff Shepard sold his 480 acre farm. On May 31 he was delivering bills advertising a sale of his farm machinery. He stopped at the Dick farm. After some preliminary conversation he began negotiating with Mr. Dick and Miss Dick to buy their farm. Curtis N. Dick was not feeling well and was lying down most of the time Shepard was there. Shepard first offered $12,000 for the 400 acre farm. After continued negotiation plaintiff was successful in getting Mr. Dick to price the farm at $20,000. The plaintiff said he would buy it and voluntarily raised the price to $21,000 to cover sale expenses. On June 2 Shepard returned to the farm and took Curtis and Edith Dick to an attorney in Oswego where a real estate contract and deed were drawn up and executed. The attorney was not familiar with the land. He testified he was not representing any particular party to the contract. The deed and contract were placed in escrow with the First National Bank of Oswego, Kansas, along with an earnest money payment of $1050. The balance was to be paid upon approval of the abstract and delivery of the deed.

On June 9 Curtis and Edith Dick notified the bank they intended to cancel the contract and they asked for a return of their deed. On June 14 Shepard paid the balance due and requested delivery of the deed. The bank continued to hold the deed and the money subject to the order of the court.

After suit was filed Curtis and Edith Dick acknowledged tender of the entire purchase price and agreed that the final payment be returned to Shepard. The plaintiff filed his petition and Mr. Dick and Miss Dick filed a joint answer.

Pending trial of the action the defendant Curtis N. Dick died. Plaintiff filed a suggestion of death upon the record in court as contemplated by K. S. A. 60-225 (a) (2). No further pleadings were filed and the matter proceeded to trial. Further facts will be developed as we examine plaintiff's specifications of error.

Plaintiff contends it was error to admit and consider evidence of the mental incapacity of Curtis N. Dick. Plaintiff states any unfair dealing, coercion or fraud affecting Curtis N. Dick's part in this contract was not a determinative issue in the case after his death. Plaintiff reasons the entire fee title to the farm passed to Edith Mae Dick under the provisions of the joint tenancy deed. She jointly executed the contract and is limited to her separate defense,

inadequacy of the consideration. It is noted the defendants filed a joint answer to the petition and joined in all allegations in defense against plaintiff's action. We believe that plaintiff misconceives the nature of his suit. An action for specific performance of a real estate sale contract is directed toward the enforcement of the contract. The contract is the basis for the action. The action is an equitable one which rests in the judicial discretion of the court and depends upon all the facts surrounding the execution of the contract.

In *Shoop v. Burnside*, 78 Kan. 871, 98 Pac. 202, it is said:

"Specific performance is not a matter of right but of equity, and rests in the sound legal discretion of the court. Before the relief will be granted the contract must appear to have been entered into with fairness and without any undue advantage or imposition, and the facts and circumstances must be such as appeal to the conscience of the court and compel its discretion." (Syl. ¶ 1.)

This rule of law has been consistently applied by this court in specific performance cases. (See *In re Estate of Davis*, 171 Kan. 605, 612, 237 P. 2d 396; *Malir v. Maixner*, 174 Kan. 26, 254 P. 2d 282; *Wetzel v. Hattrup*, 174 Kan. 244, 255 P. 2d 637; *Roberts v. Coffey, Administrator*, 198 Kan. 695, 426 P. 2d 30.)

The death of a party pending an action for specific performance of a real estate contract does not terminate the obligations and duties arising from such a contract. These may be enforced against the heirs, executors and assigns of the parties. (See *Roberts v. Coffey, Administrator*, supra, and *In re Estate of Goff*, 191 Kan. 17, 379 P. 2d 225.) The contract remains subject to the same infirmities and defenses which existed prior to the death of the party.

Generally when the death of a party occurs pending trial of an action to specfically enforce a realty contract no amendment of pleadings is required. Additional parties affected on death may be substituted. When the pleadings already state the cause of action or defense against a substituted party no additional pleading is necessary. The substituted party, if any, assumes the prosecution or defense of the action at the point where the original party left it, assuming the burdens as well as the benefits. (39 Am. Jur., Parties § 101, p. 972; 67 C. J. S., Parties § 89, p. 1085; 149 A. L. R. Anno. p. 829.) We perceive no reason why the rule should be different if the party succeeding to the interest of a deceased party is already a defendant in the action. (See K. S. A. 60-225 (*a*) (2).)

If a contract is induced by unfair dealing, coercion or fraud the

death of the person coerced or defrauded does not eliminate inequities which are inherent in the contract. Evidence of the mental incapacity of Curtis N. Dick and any unfair dealing practiced against him was properly admitted and considered by the trial court.

The evidence introduced at the trial indicates Curtis N. Dick was eighty years old at the time. His sister was several years younger than he. He was suffering from arteriosclerosis which caused a lack of blood supply in the brain and resulted in confusion and hallucinations. He had been treated by Dr. Henderson at intervals of two or three weeks for over three years. His sister had taught school in New York for thirty-four years and had returned to the farm less than a year before. The contract was negotiated May 31 and executed June 2. Curtis N. Dick was treated by Dr. Henderson on May 3, 13, 20, 27 and June 3. On the two latter dates he was confused, forgetful and was having hallucinations. The doctor testified Mr. Dick was disoriented and in no condition to take care of his personal matters on those dates.

A second cousin to Edith and Curtis Dick testified to Mr. Dick's mental condition on the afternoon before the contract was negotiated by plaintiff. After visiting a short time with this second cousin Curtis Dick became confused. He asked how many brothers and sisters he had. He did not recognize his sister Edith.

The court's finding that Curtis Dick was incapacitated both physically and mentally to transact business was supported by substantial relevant evidence.

Plaintiff next contends there was no substantial evidence to show inadequacy of consideration and that inadequacy of consideration alone is not sufficient to deny specific performance of a contract for the purchase and sale of land.

A consideration to be adequate to support an action for specific performance of a contract for the sale of real estate does not have to be the full equivalent of value. A consideration may be considered inadequate only when it is so disproportionate to value as to offend the normal sense of fair dealing which should characterize business transactions.

In *Greenwood v. Greenwood*, 96 Kan. 591, 152 Pac. 657, the court said:

> "In an action for specific performance the term 'adequate consideration' does not mean the full equivalent of value. It means a consideration which is not so greatly disproportionate to value as to offend against the fair dealing which should characterize business transactions." (Syl. ¶ 3.)

In the case at bar a real estate broker who had been engaged in the real estate business in that community for eight years testified as to the value of the land. He walked over the land and looked at the various fields. He assigned separate values to the cultivated land, the pasture land, the timber land and the farm buildings. He valued the whole farm at $63,975. The consideration for the sale was less than one-third of this value. The plaintiff introduced no evidence of fair market value.

Plaintiff did introduce evidence of possible soil conservation expense such as terracing and removal of timber. Such future expense would not change the fair market value of the land. These future expenses might be incurred to improve and benefit the land. In such case the fair market value could be expected to increase.

Inadequacy of consideration alone is not ground for recision of a contract unless the consideration is so disproportionate to value as to amount to fraud. (*Baron v. Lyman*, 136 Kan. 842, 18 P. 2d 137.) Something more is necessary before specific performance will be refused. (*Sutherland v. Sutherland*, 187 Kan. 599, 358 P. 2d 776.) However, overreaching and undue influence brought to bear in obtaining a sale of property for an inadequate consideration will justify refusal of a decree of specific performance and will authorize cancellation of the contract for fraud. (*Shoop v. Burnside,* supra.)

Plaintiff specifies the court erred in refusing admission of photographs of the farm. The photographs were offered after testimony by the plaintiff that they were true and accurate reproductions of ten different locations on the farm showing patches of timber, undergrowth, lack of drainage and certain buildings. Pictures which are properly identified as true and accurate reproductions of a subject matter in evidence and which are relevant to the issues are generally admissible in evidence. Relevant evidence means evidence having any tendency in reason to prove any material fact. (K. S. A. 60-401 [b].)

Where conditions of premises are relevant, as when the value of land is in controversy, photographs are admissible in evidence. (*Hamilton v. Railway Co.,* 95 Kan. 353, 148 Pac. 648; *State v. Emery,* 201 Kan. 174, 440 P. 2d 613.)

The photographs offered were merely corroborative of testimony by plaintiff's witnesses as to the need of conservation practices on this farm. Plaintiff's witnesses testified fully concerning the bad

features of the farm. These bad features of the farm were considered, no doubt, by the real estate broker in fixing the fair market value.

The erroneous exclusion of evidence is not prejudicial where the facts are otherwise shown. (See 5 Hatcher's Kansas Digest (Rev. Ed.), Trial § 64.) A party seeking reversal because of exclusion of evidence has the burden of showing prejudice as well as error in the ruling excluding such evidence. (*Osborn v. Lesser*, 201 Kan. 45, 439 P. 2d 395.) No prejudicial error is shown.

Appellant cites *Baron v. Lyman*, supra, and states recision of an executory contract will not be decreed where the other party cannot be restored to his original status. The rule stated is sound. The change of position which plaintiff mentions in support of this contention is failure to sell some of his farm machinery at his farm sale. No reason appears why a later sale of this machinery could not be held. Notice of recision was promptly given and no material change of position appears in the record before us.

No prejudicial error appears in the admission or exclusion of evidence at the trial. There is substantial evidence in the record to support the trial court's findings.

The judgment is affirmed.