No. 45,320

STATE OF KANSAS, *Appellee*, v. MAURICE JEFFERSON, *Appellant*.

(460 P. 2d 610)

Opinion filed November 8, 1969.

*Brian Moline*, of Wichita, argued the cause and *Ralph Gilchrist, Carl Buck* and *Stephen Lester*, all of Wichita, were with him on the brief for appellant.

*James Z. Hernandez*, Deputy County Attorney, argued the cause and *Kent Frizzell*, Attorney General, *Keith Sanborn*, County Attorney, and *Reese C. Jones*, Deputy County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: Maurice Jefferson was convicted of first degree kidnapping (K. S. A. 21-449), felonious assault (K. S. A. 21-431) and unlawful possession of a pistol (K. S. A. 21-2611). The trial covered seven days. A jury returned verdicts of guilty on each of the counts. Judgment was entered approving the verdicts and sentencing the defendant. This is a direct appeal from that judgment.

Five court reporters took turns in reporting the trial proceedings. One of these reporters lost her shorthand notes. A complete transcript of the proceedings is not available. Defendant argues the incomplete transcript makes meaningful appellate review impossible and deprives him of substantive rights. He asks that the judgment be reversed and the verdicts set aside.

The record before us covers a substantial part of the trial pro-

ceedings. The testimony of all of the witnesses for the prosecution except one is recorded. The testimony of the last five witnesses for defendant is recorded. The recorded and transcribed testimony available on this appeal is sufficient to support the judgment and uphold the verdicts. The record includes testimony of the victim and five eye witnesses to the shooting and abduction. A brief summary of their testimony will suffice.

On the day in question the defendant called Mrs. Cochran on the telephone and made a veiled threat to her person. The defendant and Mrs. Cochran were estranged paramours. Mrs. Cochran left her home with her three children with the intention of spending the night at her grandmother's home. On the way she stopped at an aunt's house. The aunt accompanied them and drove the car. The children were in the back seat. The defendant drove up and forced them to stop their car by using his car as a battering ram. The defendant jumped out of his car and proceeded to pound on the window of the Cochran vehicle with a pistol until Mrs. Cochran unlocked the door in response to his demands. Defendant jerked Mrs. Cochran out of the car, called her a vile name and shot her in the arm. Thereafter he dragged her down the street toward his car. The aunt and three children got out of the car and pleaded with a couple on the street. They asked for help to assist in taking Mrs. Cochran to the hospital. The aunt and a twelve year old son helped Mrs. Cochran to the couple's car. The defendant threatened the couple, fired his gun into the ground and forced Mrs. Cochran into his car. Two of the children got into the back seat of defendant's car. The defendant drove them several blocks from the scene of the previous action, began crying and then shot himself in the chest. After Mrs. Cochran had stopped the defendant's car by placing her foot on the brake pedal, she pulled the keys and got out. The gun fell into the street, unnoticed by defendant. Defendant then demanded the keys to his car. On receiving the keys he drove off. The gun was retrieved from the street and Mrs. Cochran was treated at a hospital for a gunshot wound in her arm.

The defendant does not question the sufficiency of this and other evidence which is available in the record. He contends: An appeal to this court may be taken as a matter of right under K. S. A. 62-1701. It is the duty of the official court reporter to take full stenographic notes of the entire trial proceedings as provided in K. S. A. 20-903. An indigent defendant shall be entitled to a transcript of the entire

proceedings under K. S. A. 62-1304 (*b*). He concludes under authority of *Griffin v. Illinois*, 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585; *Eskridge v. Washington State Board*, 357 U. S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061; *Douglas v. California*, 372 U. S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814 and similar cases, that the inability of the state to provide a full transcript of trial proceedings entitles the defendant to a new trial *per se*. We do not believe the cases cited support such a rule of automatic reversal.

In our present case a portion of the transcript is unavailable because of the loss or destruction of a part of the stenographic notes of the proceedings. The cases referred to by defendant relate to instances where a transcript is available but is denied a defendant because of his inability to pay for the same. The high court in such cases has declared that such a denial of an available transcript is an invidious discrimination against the indigent.

The federal courts have not found invidious discrimination attends when all or a portion of the transcript is unavailable because of the loss of stenographic notes or because of the death of the stenographer who alone can transcribe the record of trial. (*Norvell v. Illinois*, 373 U. S. 420, 10 L. Ed. 2d 456, 83 S. Ct. 1366; *Goodwin v. Page*, 296 F. Supp. 1205 [1969]; *United States v. Pate*, [7 C. A. 1963] 318 F. 2d 559.)

In *Norvell v. Illinois*, supra, it was said:

"When, through no fault of the State, transcripts of criminal trials are no longer available because of the death of the court reporter, some practical accommodation must be made. . . .

"The 'rough accommodations' made by government do not violate the Equal Protection Clause of the Fourteenth Amendment unless lines drawn are 'hostile or invidious'. . . ." (10 L. Ed. 2d 459)

Under our Kansas case law we have long recognized and approved the use of a reconstructed statement of a lost or destroyed transcript. The burden is on the appealing party to initiate the necessary proceedings to reconstruct a secondary record. (*Spencer v. McClenney*, 104 Kan. 107, 178 Pac. 253; *State v. Allen*, 111 Kan. 3, 206 Pac. 340; *Addington v. State*, 198 Kan. 228, 424 P. 2d 871.)

The "rough accommodations" referred to by the high court are provided by Rule 6 (*n*) of this court as follows:

"In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the appellee who may serve objections or propose amendments thereto

within ten (10) days after service upon him. Thereupon, the statement, with objections or proposed amendments, shall be submitted to the judge of the district court for settlement and approval and as settled and approved shall be included in the record on appeal." (Rules of the Supreme Court of Kansas, Rule 6 (*n*), 201 Kan. xix and xx.)

The defendant-appellant made no attempt to reconstruct that portion of the record which was missing. The inability of the state to provide a full transcript of the trial proceedings does not entitle the defendant to a new trial *per se*. Before appellant can claim prejudice to his substantive rights based upon the unavailability of all or a portion of the record he must make a good faith effort to obtain a secondary statement of the lost portion of the transcript as outlined in Rule 6 (*n*) of this court. No invidious discrimination appears in this record and meaningful appellate review has not been denied the defendant.

The defendant next contends his conviction for unlawful possession of a pistol under K. S. A. 21-2611 cannot be sustained. He claims to have been without benefit of counsel in Mississippi where he was previously convicted of the burglary and larceny upon which this charge is premised. The record before us does not contain a copy of the journal entry of conviction from Mississippi. An authenticated copy of the journal entry was admitted into evidence at the trial as exhibit 2. This exhibit, if lost, could have been replaced by appellant from files and records of the Mississippi court. We suspect this was an intentional omission on his part, for the prosecution states the journal entry recited that the defendant appeared in Mississippi "with counsel". The trial court delayed the admission of the journal entry to permit Mr. Updegraff, the defendant's trial counsel, time to investigate the facts concerning the regularity of the prior conviction in Mississippi. It was later admitted.

The burden is upon the defendant to show he did not have benefit of counsel at his prior conviction. Without such a showing the validity of the judgment is presumed to be regular. Every reasonable presumption in favor of the validity of a judgment should be indulged where there is nothing in the record to support allegations of irregularity. (See *Hartman v. Edmondson,* 178 Kan. 164, 166, 283 P. 2d 397 and cases cited therein.) This presumption attends both the judgment of conviction in Mississippi and the present judgment. The appellant fails, therefore, to sustain his burden on appeal. It does not affirmatively appear from the record that prejudicial error was committed by the trial court in this particular.

The defendant's final contention is that the trial court improperly permitted testimony by a firearms and ballistics expect who identified the pistol as having fired the bullet which injured Mrs. Cochran. The bullets and casings used by him in making tests, comparisons and identification were not in evidence. They had become lost after the tests were made and the photographs taken. The photographs were used by the expert and introduced in evidence over the objection of defendant's trial counsel.

Appellant bases this last specification of error upon the best evidence rule and argues the rule requires exclusion of the testimony of the expert and of the photographs.

The best evidence is such proof as is the best obtainable under the existing circumstances. The prosecution's testimony was sufficient to establish the bullets and casings were lost. Absent proof to the contrary, the loss of the bullets and casings resulted in the photographs and testimony of the expert being the best evidence obtainable under the existing circumstances.

In addition, the testimony of an expert as to tests, results thereof and demonstrations by him may be permitted and rests in the judicial discretion of the trial court. (*Malone v. New York Life Ins. Co.*, 148 Kan. 555, 559, 83 P. 2d 639.) The results of a blood test, if properly obtained and accurately identified, are admissible in a case although the blood sample itself is not in evidence. (*Williams v. Hendrickson*, 189 Kan. 673, 676, 371 P. 2d 188.) Color slides or reproductions showing the victim's body used by the coroner to demonstrate to the jury the depth of the wounds and type of blow inflicting them are admissible in evidence. (*State v. Zimmer*, 198 Kan. 479, 501, 426 P. 2d 267.) Photographs are generally admissible after proper foundation and identification if they accurately represent an object material and relevant to an issue in the case. Their admission rests in the judicial discretion of the judge and in the last analysis the weight to be given them is left to the jury. (See *State v. Emery*, 201 Kan. 174, 440 P. 2d 613.) The questions raised by the defendant in this case go to the weight of the expert's testimony based upon tests made by him. The photographic aids were used by him in testifying. No question is raised as to foundation for this testimony. The photographs were properly identified and sponsored by the expert whose testimony they served to explain and illustrate. (See *Howard v. Stoughton*, 199 Kan. 787, 790, 433 P. 2d 567.) Such evidence was relevant and properly admitted.

The judgment is affirmed.