Charles G. KOCH; and David H. Koch, Plaintiffs–Appellees,

v.

William I. KOCH, Defendant–Appellant.

No. 89–3207.

United States Court of Appeals, Tenth Circuit.

May 23, 1990.

Rehearing Denied June 15, 1990.

that the district court erred in establishing the value of the real estate and coins to be transferred under the court's equitable power rather than according to the terms of the contract. We affirm.

Clifford L. Malone (Larry D. Spurgeon, of Adams, Jones, Robinson & Malone, Chartered, Wichita, Kan., Roger D. Stanton & Mark D. Hinderks, of Stinson, Mag & Fizzell, Overland Park, Kan., John C. Aisenbrey, of Stinson, Mag & Fizzell, Kansas City, Mo., and Joseph F. Ryan, of Lyne, Woodworth & Evarts, Boston, Mass., with him on the briefs), of Adams, Jones, Robinson & Malone, Chartered, Wichita, Kan., for defendant-appellant.

Robert L. Howard (James M. Armstrong & Timothy B. Mustaine, with him on the brief), of Foulston & Siefkin, Wichita, Kan., for plaintiffs-appellees.

Before TACHA and SETH, Circuit Judges, and KANE, District Judge.[*]

TACHA, Circuit Judge.

This appeal is from an order granting summary judgment in favor of plaintiffs Charles G. and David H. Koch and decreeing specific performance of a written contract by which the parties agreed to convey certain real estate to plaintiffs and an interest in a valuable gold coin collection to defendant William I. Koch. The district court granted specific performance of the contract, dismissed defendant William Koch's counter-claim seeking money damages for alleged fraudulent misrepresentations with respect to a separate stock purchase agreement, and established the value of the coin collection and stock to be transferred under the contract. Defendant William Koch appeals on the grounds that the district court erred in granting summary judgment where there was a genuine issue of material fact regarding the alleged fraudulent inducement by plaintiffs of the real estate and coin transfer contract. Defendant William Koch further contends

## I.

Plaintiffs Charles and David Koch and defendant William Koch entered into two contracts. One contract was for the purchase and sale of a substantial amount of stock in Koch Industries, which had been previously held by defendant William Koch. That contract has been the subject of several lawsuits by defendant William Koch, one of which is currently pending in this circuit. In the second contract, signed on the same day as the purchase and sale agreement, defendant William Koch agreed to transfer to the plaintiffs, Charles and David Koch, his interest in family owned real estate in Wichita, Kansas, in exchange for plaintiffs transferring to defendant their interest in a valuable family gold coin collection.

When defendant William Koch refused to perform under the real estate and coin contract, plaintiffs Charles and David Koch sought specific performance, invoking the district court's diversity jurisdiction. Defendant William Koch counterclaimed, alleging fraud in the inducement and sought both damages and rescission of the real estate and coin contract. The district court granted summary judgment in favor of plaintiffs Charles and David Koch on the counterclaim and ordered specific performance of the real estate and coin contract. As part of the specific performance decree, the district court ordered an appraisal of the coin collection and real estate, and when the appraisers differed on the amount of the valuation, the court decreed the final appraised value. Defendant William Koch appeals from the district court's denial of his counterclaim and its handling of the appraisal procedure.

[*] The Honorable John L. Kane. Jr., District Judge, United States District Court for the District of Colorado, sitting by designation.

## II.

Defendant William Koch contends that he refused to perform because he was fraudulently induced to enter into the real estate and coin transfer contract by fraudulent misrepresentations made with respect to the stock purchase and sale agreement that was executed on the same day by the same parties. We disagree.

■ We review grants of summary judgment on the same basis as the district court, determining whether there is any disputed issue of material fact and, if not, whether the substantive law was correctly applied. *Osgood v. State Farm Mutual Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir.1988). We agree with the district court that the contract for the transfer of the real estate and gold coins should be specifically enforced and that none of defendant William Koch's allegations with respect to the stock purchase and sale agreement bar enforcement of this contract. The real estate and coin transaction is an entirely separate and distinct transaction from the stock purchase and sale agreement. *Cf. Blakesley v. Johnson*, 227 Kan. 495, 608 P.2d 908, 913 (1980) (holding stock purchase agreement severable and independent from employment agreement where both contained in same contract form). We will not look beyond the four corners of the contract where the parties have reduced their agreement to written form and the document is unambiguous on its face. *Short v. Wise*, 239 Kan. 171, 718 P.2d 604, 606 (1986); *Brown v. Lang*, 234 Kan. 610, 675 P.2d 842, 846 (1984). *But see Hall v. Mullen*, 234 Kan. 1031, 678 P.2d 169, 174 (1984) (two agreements executed at same time will be construed together). Nothing on the face of the contract states a contingency or reliance upon the stock purchase and sale agreement. *See Blakesley*, 608 P.2d at 913. The real estate and coin contract is clearly supported by adequate consideration. *Cf. State ex rel. Ludwick v. Bryant*, 237 Kan. 47, 697 P.2d 858, 861 (1985); *Shepard v. Dick*, 203 Kan. 164, 453 P.2d 134, 138 (1969). We affirm the district court's holding that the real estate and coin contract is a complete and unambiguous document which does not refer in any way to any other agreement and therefore is not dependent on the stock sale agreement.

We further note our support for the concern expressed by the district judge that defendant William Koch has attempted to raise similar allegations in several actions brought in separate courts. We do not look with favor on these multiple efforts to raise the same issues in separate forums.

## III.

■ After dismissing defendant William Koch's fraudulent inducement defense, the district court decreed specific enforcement of the real estate and coin agreement. The court required both plaintiffs Charles and David Koch and defendant William Koch to submit appraisal reports on the real estate and coin collection involved here. After submission of these reports, the district court established the value of both the real estate and the coin collection. The district court did not, however, utilize the appraisal procedure established in the contract. The contract required that the appraiser appointed by the plaintiffs and the appraiser appointed by the defendant would select a third appraiser and that the three appraisers would then establish the appraised, or contract, value of the property involved. Defendant William Koch now contends that the district court should have followed the contract procedures in setting the appraised values of the coin collection and real estate. We disagree.

■ We review the district court's decree of specific performance for abuse of discretion. *See McKinney v. Gannett Co.*, 817 F.2d 659, 670–71 (10th Cir.1987). We hold that the district court did not abuse its discretion in decreeing specific performance and setting the final appraised value. At the summary judgment hearing, counsel for defendant William Koch told the court:

What I'm suggesting, Judge, is that you have the power as the Court sitting in equity to resolve [the difference in appraised values] in a fair fashion and as you deem appropriate. There are a number of ways you can go about doing it

**1336**

and you know them as well or better than I do, sir. You can do as you started out talking about following the contract. Say, *"No, I don't want to do that. Let them both submit something, I will decide what it is worth." You can do that. You have that power as the Court sitting in equity.* What I'm urging you to do, sir, as the Court sitting in equity is to do that which is fair, and it is not fair, Judge, to tell a man that a one-sixth ownership interest in $4,175,-000.00 worth of the property is $145,-000.00. That's not fair. *What I'm asking the Court to do is use the Court's judicial temperament, judgment, cognizance and resolve this matter in a fair fashion,* and if you do that, then I think we will have come a long way here, sir, we really will.

Record, vol. II, at 18–19 (transcript of summary judgment hearing, June 5, 1989) (emphasis added). The district court specifically asked the parties if they needed to have the appraisers present at the summary judgment hearing. Neither party requested their presence. Counsel for defendant William Koch then urged the district court to resolve the matter itself and not to follow the contract. We will not now hear the defendant appear before this court and attack the district court's exercise of equitable discretion in the very manner urged by defendant below. In any event, district courts retain substantial discretion in ordering specific performance, and the district court did not abuse its discretion under the circumstances of this case. *See generally McKinney,* 817 F.2d at 670–72; *El Paso Natural Gas Co. v. Western Bldg. Assocs.,* 675 F.2d 1135, 1142 (10th Cir.1982) (specific performance granted under general equity principles); *Shepard,* 453 P.2d at 137 (specific performance rests in sound discretion of court).

### IV.

We find no error in the district court's grant of summary judgment on defendant William Koch's counterclaim and hold that the district court did not abuse its discretion in ordering specific performance. Ac-

cordingly, the judgment of the district court is AFFIRMED.