(640 P.2d 362)
No. 52,874

CRAIG LIVINGSTON, *Appellant,* v. LEONARD BIAS, *Appellee.*

Opinion filed February 11, 1982.

*Ira Dennis Hawver* of Hawver & Irigonegaray, P.A., of Topeka, for the appellant.

*Charles L. Davis, Jr.,* of Davis, Unrein, Hummer & McCallister, of Topeka, for the appellee.

Before FOTH, C.J., REES and SPENCER, JJ.

SPENCER, J.: The sole issue presented on this appeal is whether the action was properly dismissed pursuant to K.S.A. 60-225(*a*)(1).

An automobile collision involving plaintiff and the named defendant, which occurred December 28, 1976, resulted in this case being filed May 25, 1978. Defendant, a resident of Missouri, died March 2, 1980, after the case was at issue. The pretrial order of June 2, 1980, reflects a suggestion of defendant's death.

The case was scheduled for trial before a jury on September 22, 1980. On that date, plaintiff moved the court for an order "(1) that Defendant's insurer is actually the only real party Defendant in interest, and, (2) that Mrs. Leonard B. Bias is not the real party in interest and thus has no right to sit at defense counsel's table during trial of this matter." The court ruled that defendant's

widow should not sit at defense counsel's table, but made no ruling with respect to the remainder of the motion. In this posture, the case went to trial. There was a hung jury and a mistrial declared.

Nothing thereafter appears to have taken place until December 8, 1980, when defense counsel filed a motion to dismiss for plaintiff's failure to substitute a representative party for the deceased defendant pursuant to K.S.A. 60-225(a)(1), and the expiration of time during which plaintiff was required to exhibit his claim against defendant's estate under the Kansas nonclaim statute, K.S.A. 59-2239.

On December 16, 1980, the court considered defendant's motion to dismiss and plaintiff's earlier motion to find defendant's insurer the real party in interest, treating the latter as a motion to substitute, and concluded that as Kansas law prohibits a direct action against an automobile insurance company for damages alleged to have been caused by its insured, defendant's insurer was not a proper party for substitution; and, in the absence of the substitution of a proper party, the suit could not be maintained. The court did not rely on 59-2239, implicitly finding the provisions of the Kansas probate code to be inapplicable where the court determined defendant, a Missouri resident, did not die possessed of any tangible or intangible property having situs in this state. *Kent v. Chase, Special Administrator,* 1 Kan. App. 2d 251, 563 P.2d 1103 (1977).

K.S.A. 60-225(a)(1) provides:

"If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party or by any party and, together with the notice of the hearing, shall be served on the parties as provided in K.S.A. 60-205, and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within a reasonable time after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

Plaintiff concedes his motion to find defendant's insurer the real party in interest was properly denied in that, as a general rule, an automobile insurance company may not be made an original party to a lawsuit against its insured. *White v. Goodville Mut. Cas. Co.,* 226 Kan. 191, 596 P.2d 1229 (1979). Nonetheless, plaintiff relies on that portion of K.S.A. 60-225(a)(1) which states

that "[u]nless the motion for substitution is made within a reasonable time after the death is suggested upon the record . . . the action shall be dismissed as to the deceased party," for the proposition that the provisions of the statute are satisfied when a motion to substitute is made, though the person sought to be substituted is not a proper party to the action.

Defendant contends plaintiff's reliance on the language employed in the last sentence of the statute ignores the first sentence, that "the court shall on motion order substitution of the proper parties." Defendant asserts that when taken as a whole, 60-225(a)(1) requires the motion be to substitute a proper party.

Established canons of statutory construction are set forth in *Coe v. Security National Ins. Co.,* 5 Kan. App. 2d 176, 180, 614 P.2d 455, *aff'd in part, rev'd in part on other grounds* 228 Kan. 624, 620 P.2d 1108 (1980).

Substitution of parties and revivor of actions are different names for the same thing. The revivor of an action is in fact the substitution of new parties who have the right, under the substantive law, to go ahead with the prosecution or defense of the claim. Where an action has been commenced and a necessary party to the action dies, a procedure is required to bring into court the persons who have become, by right of succession under the substantive law, the real parties in interest. If such is not accomplished within a reasonable time, the action abates and is dismissed unless it is one of those referred to in K.S.A. 60-225(a)(2). Gard's Kansas C. Civ. Proc. 2d § 60-225(a) (1979).

Defendant's construction of 60-225(a)(1) — that the motion for substitution must suggest a proper party — not only grants certainty to the provisions, but comports with the underlying substantive principle that the revivor of an action depends strictly upon the substitution of parties who have the right to prosecute, or defend, the claim involved. See *Thompson v. Bennett, Administrator,* 196 Kan. 129, 410 P.2d 291 (1966); *Long v. Riggs,* 5 Kan. App. 2d 416, 617 P.2d 1270 (1980). Revivor, or substitution of parties, is purely a matter of statutory law and strict compliance with statutory requirements (K.S.A. 60-225) must be shown. *Gatewood v. Bosch,* 2 Kan. App. 2d 474, 581 P.2d 1198 (1978).

We hold that K.S.A. 60-225(a)(1) requires a motion to bring into court the persons who have become, by right of succession under the substantive law, the real parties in interest, and if such is not

accomplished within a reasonable time after the death is suggested upon the record, the action shall be dismissed as to the deceased party.

More than six months had expired since defendant's death had been noted on the record, during which time nothing had been accomplished toward substitution of a proper party. Nor does it appear from this record that anything has ever been done toward the appointment of a representative who might properly be substituted as the real party in interest. As stated in *Long v. Riggs,* 5 Kan. App. 2d at 419, "a reasonable time" as contained in the statute implies a requirement of due diligence. Implicit in the ruling of the trial court was the finding that plaintiff had not moved for substitution within a reasonable time and we must agree.

Affirmed.