(642 P.2d 124)
No. 52,433

ELVERA BUETTNER and DARLENE WENDT, *Plaintiffs-Appellees,* v.
ARTHUR A. UNRUH d/b/a BUY NOW REALTY & AUCTION COMPANY,
*Defendant-Appellant.*

Opinion filed March 11, 1982.

*Gregory C. Nye,* of Nye & Nye, of Newton, for appellant.

*Karen L. Griffiths,* of Morgan Law Offices, of Newton, for appellees.

Before ABBOTT, P.J., PARKS and MEYER, JJ.

PARKS, J.: This case originated as a small claims action brought by two tenants, Elvera Buettner and Darlene Wendt, seeking return of a security deposit from their landlord. The landlord, Arthur Unruh d/b/a Buy Now Realty & Auction Company, counterclaimed for back rent and compensation for damages sustained by the rental property in excess of the security deposit. Plaintiffs were granted judgment by the small claims court and defendant appealed to district court. After a trial de novo, the court granted judgment to plaintiffs for $382 plus reasonable attorney fees. Defendant now appeals this judgment.

We note from the record that one of the plaintiffs, Elvera Buettner, died February 15, 1980, several months after the small claims appeal was filed. There has been no motion for substitution filed in either this court or the trial court although it appears that the decedent's interest would not have been extinguished by her death. K.S.A. 60-1801. Therefore, pursuant to K.S.A. 60-225(a)(1) this appeal is dismissed as to Elvera Buettner but shall continue with regard to the remaining plaintiff, Darlene Wendt. *Livingston v. Bias,* 7 Kan. App. 2d 287, 640 P.2d 362 (1982).

Turning to the issues argued on appeal, the principal dispute of the parties concerns the condition of the rented premises at the time possession was surrendered to the landlord as compared to the condition when the tenancy began. Plaintiff Darlene Wendt, her mother Elvera and three young siblings moved into the unfurnished house on June 18, 1977. Shortly after moving in plaintiff prepared a list of defects which she had noticed around the house and this list was delivered to defendant. Plaintiff testified that these defects consisted largely of broken or damaged windows. Defendant did not individually or with plaintiff inventory the condition of the house at the beginning of the tenancy and the list prepared by plaintiff was lost.

Approximately two years later, on May 1, 1979, plaintiff notified defendant that she would be vacating the house on June 1 and that the house would be ready for inspection at that time. Plaintiff paid the rent due by June 1 but possession was not actually delivered to defendant until June 4. Defendant then wrote plaintiff itemizing a list of damages and back rent which he contended was still owed and notifying her that although the security deposit of $275 would be retained and applied against the debt, the balance was still due from plaintiff. Plaintiff responded by filing this suit for return of the security deposit and contending that all of the damages either pre-existed her occupancy of the house, did not exist when she vacated on the 4th or were the result of vandalism which had been reported to the police and landlord.

The trial court held that no beginning inventory of the rental premises had been carried out as is required by K.S.A. 58-2548 and that in its absence, the landlord was precluded from presenting evidence of any damages caused to the premises by the plaintiff. The court awarded plaintiff judgment for $382, representing one and one-half times the security deposit ($275) less $30 for rent for the period from June 1 to June 4, and attorney fees of $475.

Defendant argues that the inventory requirement is a mutual obligation of both the landlord and tenant and that the trial court erred in failing to hold that the list of defects prepared by plaintiff substantially complied with K.S.A. 58-2548 which states as follows:

"Within five days of the initial date of occupancy or upon delivery of possession,

the landlord, or such landlord's designated representative, and the tenant shall jointly inventory the premises. A written record detailing the condition of the premises and any furnishings or appliances provided shall be completed. Duplicate copies of the record shall be signed by the landlord and the tenant as an indication the inventory was completed. The tenant shall be given a copy of the inventory."

The inventory envisioned by this statute is clearly more than a listing of needed repairs prepared by one party. The statute requires a detailed record of the condition of the entire premises prepared and signed by both the tenant and the landlord or his designated agent. The trial court did not err in ruling that no inventory of the premises had been made.

The more fundamental issue raised by appellant is whether the court correctly refused to permit evidence of damage allegedly caused to the rental property by plaintiffs, because defendant failed to comply with the inventory statute. K.S.A. 58-2548 recites no penalty for noncompliance with its provisions and there are no Kansas cases considering the statute. However, the fundamental rule of statutory construction to which all other rules are subordinate is that the purpose and intent of the legislature governs when that intent can be ascertained from the statutes. *City of Salina v. Jaggers,* 228 Kan. 155, 612 P.2d 618 (1980). Moreover, in construing a statute, the court may consider the consequences and effect of the various interpretations. *State ex rel. Stephan v. Lane,* 228 Kan. 379, 614 P.2d 987 (1980).

The purpose of the inventory provision of the Residential Landlord and Tenant Act is to prevent disputes at the end of a term of tenancy concerning damage to the property by requiring a written and mutually agreed upon record detailing the condition of the rental premises at the beginning of the tenancy. The completion of such an inventory benefits both the landlord and tenant and provides evidence from which cases such as this one may be settled. Although the obligation to carry out an inventory is on both parties, the statute reflects the likelihood that the landlord will be the controlling party in the leasing transaction by stating that "the tenant shall be *given* a copy of the inventory." (Emphasis supplied.) Thus, the failure of the landlord to comply with the statute could raise an inference that the damages pre-existed the tenancy, but there is no indication from the statute that the landlord is to be prohibited from producing evidence to overcome that inference. Such a ruling would sanction inten-

tional damage to rental property simply because the landlord failed to comply with a technical requirement of the law. We cannot conclude that the legislature intended such a result absent a clear expression of that intent.

We conclude that the absence of an inventory required by K.S.A. 58-2548 does not preclude the introduction of evidence to establish the damages sustained by a residential rental property during the tenancy.

The judgment of the district court is reversed and the case is remanded for a new trial. Consequently, appellee's motion for attorney fees on appeal must be and is denied.