(35 P.3d 277)

No. 85,819

RICHARD MOORE and SANDRA MOORE, *Appellants,*
v. GLEN F. LUTHER, *Appellee.*

—

Opinion filed November 30, 2001.

*W. Irving Shaw,* of Emporia, and *Tristram E. Felix,* of Wallace, Saunders, Austin, Brown & Enochs, Chtd., of Wichita, for appellants.

*Bradley S. Russell,* of Frischer & Russell, Chtd., of Overland Park, for appellee.

Before ELLIOTT, P.J., GREEN and JOHNSON, JJ.

JOHNSON, J.: The plaintiffs, Richard and Sandra Moore, appeal the district court's dismissal, with prejudice, of their civil lawsuit against the alleged tortfeasor, Glen Luther. We affirm in part, reverse in part, and remand with instructions to dismiss the lawsuit without prejudice.

This case began rather routinely as an automobile collision case. On March 31, 1997, Sandra Moore sustained personal injuries and

the vehicle she co-owned with her husband, Richard, sustained physical damage when she swerved to avoid colliding with the vehicle in which Glen Luther was effecting a U-turn on an interstate highway. Moore unsuccessfully sought recompense from Luther's insurer, State Farm Insurance Company. On March 26, 1999, 5 days prior to the statute of limitations deadline, the Moores filed their lawsuit against Luther. The petition initially named another defendant, but that fact has no bearing on this appeal.

The plaintiffs attempted to serve Luther, who was an Iowa resident, by certified mail, addressed to the residence he had provided at the time of the accident. The return receipt for the summons and petition indicated someone at that address signed for the documents on April 8, 1999, albeit the signature is illegible.

Unbeknown to the plaintiff, Glen Luther had died of unrelated causes on September 5, 1997. A week later, an Iowa court had appointed Luther's widow, Virginia, as executor of his probate estate. The Moores were not given notice of the probate proceedings in Iowa. The estate closed January 30, 1998, and Virginia was discharged as executor. Thus, when plaintiffs' petition was filed, Glen Luther had died and his Iowa probate estate had ceased to exist.

Luther's insurer referred the petition to Bradley Russell, an Overland Park attorney. Despite knowing of Luther's death, Russell entered his appearance and filed an answer on Glen Luther's behalf in May 1999, specifically stating that he and his firm were "Attorneys for Defendant." The answer denied that Luther lived at the address on the service of process and asserted a number of affirmative defenses, including lack of subject matter and personal jurisdiction, lack of capacity to be sued, and insufficient process. Plaintiffs neglected to investigate the basis for the affirmative defenses. Russell perpetuated the charade by serving discovery documents upon the plaintiffs, ostensibly propounded by the deceased defendant.

The plaintiffs first learned of their problem after Russell filed suggestions of death on July 23, 1999. Three days later, Russell moved to dismiss the lawsuit, arguing that Luther was not a proper party and plaintiffs did not (and could not) obtain proper service of process.

Plaintiffs attempted to substitute Virginia Luther, as executor of Glen Luther's estate, pursuant to K.S.A. 60-225. Defense counsel opposed the motion, arguing that Luther's estate was closed. The trial court agreed and denied the substitution. Russell exacerbated the situation by informing the trial court that, pursuant to *Kent v. Chase, Special Administrator*, 1 Kan. App. 2d 251, 563 P.2d 1103 (1977), the only proper party would be a special administrator appointed by an Iowa probate court. The trial court, apparently unaware that the 1980 amendments to K.S.A. 59-805 (see L. 1980, ch. 166, § 5) effectively overruled the *Kent* case, withheld ruling on the dismissal motion to give plaintiffs an opportunity to obtain an Iowa special administrator.

After the case languished for several months, defense counsel renewed the motion to dismiss. The trial court dismissed the action with prejudice, finding the plaintiffs' claims were barred by the 2-year statute of limitations.

Plaintiffs attempted to save the case with a motion to alter or amend judgment based on: (1) defense counsel's misconduct in filing an answer for a nonexistent defendant; (2) newly discovered evidence; and (3) the argument that dismissal with prejudice was contrary to the law. At hearing, plaintiffs added the argument that the defense's concealment of Glen Luther's whereabouts tolled the statute of limitations pursuant to K.S.A. 60-517.

The trial court found 60-517 inapplicable because there was no evidence that defendant was out of state when the cause of action arose or that defendant absconded or concealed himself. It also found defense counsel had not engaged in misconduct. Thus, the trial court denied the motion to alter or amend.

Although the parties present the case as a statute of limitations issue, the immediate problem is more basic: The trial court lacked subject matter jurisdiction. "An objection based on lack of subject matter jurisdiction may be raised at any time, whether it be for the first time on appeal or even upon the appellate court's own motion. [Citation omitted.]" *Kincade v. Cargill, Inc.*, 27 Kan. App. 2d 798, 800, 11 P.3d 63, *rev. denied* 270 Kan. 898 (2000).

There is currently no party defendant. A decedent does not have the capacity to be sued. 59 Am. Jur. 2d, Parties § 42, p. 439; see

*Egnatic v. Wollard*, 156 Kan. 843, 856, 137 P.2d 188 (1943). Therefore, Glen Luther is not a proper defendant. The plaintiffs have not effected the appointment of a special administrator to proffer as a substitute. Without adversarial parties, the trial court lacked subject matter jurisdiction over the case. "In a suit or proceeding in personam of an adversary character, the court can acquire no jurisdiction for the purpose of trial or judgment until a party defendant is brought before it who actually or legally exists and is legally capable of being sued." 59 Am. Jur. 2d, Parties § 41, p. 438. A dismissal based upon the statute of limitations "operates as an adjudication upon the merits." K.S.A. 2000 Supp. 60-241(b)(1); see *Taylor v. International Union of Electronic Workers, et al.*, 25 Kan. App. 2d 671, 677, 968 P.2d 685 (1998). With no defendant in the lawsuit, the trial court lacked jurisdiction to make a ruling on the merits of the case. Therefore, we reverse the district court's ruling that plaintiffs' claims were barred by the 2-year statute of limitations and, correspondingly, that plaintiffs' case should be dismissed with prejudice.

When the trial court dismissed the action, plaintiffs were attempting to reopen the Iowa probate proceedings to obtain a personal representative for Glen Luther in order to file another motion for substitution under K.S.A. 60-225(a)(1). Plaintiffs had argued to the district court that 60-225 grants them a reasonable time to make their motion for substitution and, under the circumstances, they were moving with appropriate dispatch to obtain an appropriate party to substitute. Apparently, plaintiffs were unaware that K.S.A. 59-805(b) provides a means to obtain appointment of a Kansas administrator for an insured nonresident tortfeasor. Nevertheless, the parties and the trial court apparently overlooked the question of whether substitution under K.S.A. 60-225 is appropriate when a named litigant dies before the filing of the cause of action.

K.S.A. 60-225(a)(1) states:

"If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party or by any party and, together with the notice of the hearing, shall be served on

the parties as provided in K.S.A. 60-205, and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within a reasonable time after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

The interpretation of a statute is a question of law, and an appellate court's review is unlimited. *Rose & Nelson v. Frank*, 25 Kan. App. 2d 22, 24, 956 P.2d 729, *rev. denied* 265 Kan. 886 (1998).

Until now, Kansas appellate courts have only discussed this statute when one of the parties has passed away *after* proceedings have commenced. See *In re Estate of Rains*, 249 Kan. 178, 815 P.2d 61 (1991); *Shepard v. Dick*, 203 Kan. 164, 453 P.2d 134 (1969); *Livingston v. Estate of Bias*, 9 Kan. App. 2d 146, 673 P.2d 1197 (1984); *Buettner v. Unruh*, 7 Kan. App. 2d 359, 642 P. 2d 124 (1982); *Livingston v. Bias*, 7 Kan. App. 2d 287, 640 P.2d 362 (1982); *Long v. Riggs*, 5 Kan. App. 2d 416, 617 P.2d 1270 (1980); *Gatewood v. Bosch*, 2 Kan. App. 2d 474, 581 P.2d 1198 (1978). Whether a litigant can use this statute to save a cause of action filed against a decedent is a matter of first impression in Kansas.

Because our rules of civil procedure are patterned after the federal rules, Kansas appellate courts often turn to federal case law for persuasive guidance. See *e.g., In re Marriage of Larson*, 257 Kan. 456, 462-63, 894 P.2d 809 (1995) (citing support for interpretation of K.S.A. 60-260[b] in federal case law); *King v. Pimentel*, 20 Kan. App. 2d 579, 584, 890 P.2d 1217 (1995) (looking to federal case law for help in interpretation of K.S.A. 60-215). We note that Fed. R. Civ. Proc. 25 is not identical to its counterpart at K.S.A. 60-225. The federal rule says that the court "may" order substitution, while the state statute *requires* the court to substitute the proper parties on a motion. Further, the federal rule requires dismissal of the action upon failure to substitute within 90 days, while the state statute measures the time by reasonableness. See 1 Gard's Kansas C. Civ. Proc. 3d Annot. § 60-225 (1997). However, the differences between the rules do not affect the persuasiveness of federal case law on this issue.

A federal court would not permit substitution in this case *even if* the plaintiffs had succeeded in appointing and serving a special

administrator. Commentators have observed: "The rule presupposes that substitution is for someone who was a party to a pending action. Substitution is not possible if one who was named as a party in fact died before the commencement of the action." 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1951 (1986). The federal courts have uniformly followed this interpretation. See *Mizukami v. Buras*, 419 F.2d 1319 (5th Cir. 1969) (case dismissed when defendant died before lawsuit initiated); *Banakus v. United Aircraft Corporation*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968) (lawsuit filed 35 minutes after defendant's death "cannot be given life by substituting parties"); *Moul v. Pace*, 261 F. Supp. 616 (D. Md. 1966) (wrongful death suit brought after plaintiff died void); *Chorney v. Callahan*, 135 F. Supp. 35, 36 (D. Mass. 1955) (substitution of administrator ineffectual when defendant died before suit was brought because purported action was a "nullity"). Other states having statutes or rules similar to the federal rule have held likewise. See *Gregory v. DiCenzo*, 713 A.2d 772 (R.I. 1998) (lawsuit brought on behalf of deceased plaintiff void); *Jenkins v. Estate of Thomas*, 800 P.2d 1358 (Colo. App. 1990) (no jurisdiction over case involving predeceased defendant).

The rationale is that because a decedent does not have the capacity to be sued, an action filed against a decedent is void at its inception and is incapable of being amended by a substitution of parties. See *Banakus*, 290 F. Supp. at 260.

The Colorado case of *Jenkins*, 800 P.2d 1358, is factually similar and instructive. There, Jenkins filed suit against Thomas for personal injury more than a year after Thomas had died and his estate had been closed. Jenkins served the former personal representative of Thomas' estate without taking any steps to reopen the estate. Jenkins then moved to substitute Thomas' estate pursuant to Colorado's version of Fed. R. Civ. Proc. 25. The trial court dismissed Jenkins' claim with prejudice because he had not substituted a party defendant within the appropriate period of time. The Colorado Court of Appeals disregarded the parties' arguments on the merits of the case and determined that substitution was not applicable to the facts because the decedent had died before the action

was instituted. The court then considered whether the district court had properly dismissed the action and stated:

"Because decedent, the alleged tortfeasor, was dead at the time the action was filed, and because the personal representative [of his estate] had been discharged, there was no legal entity named as a party defendant. Accordingly, since there was no controversy between legal entities, there was no subject matter to be litigated, and the court was without jurisdiction to proceed. [Citation omitted.] Thus, the trial court properly dismissed the action." 800 P.2d at 1359.

However, the Colorado Court of Appeals reversed the trial court's dismissal of the action with prejudice. It held that because of the absence of a proper party, there was no adjudication on the merits, and the action should have been dismissed without prejudice. 800 P.2d at 1359-60.

We find that if a named defendant is dead at the time of the filing of the cause of action, the trial court is without jurisdiction to proceed and the action must be dismissed without prejudice. Substitution of a special administrator or other personal representative under K.S.A. 60-225(a)(1) is inapplicable where the defendant dies prior to commencement of the action. The district court properly dismissed plaintiffs' case and properly denied their motion to alter or amend. However, the matter is remanded with instructions to dismiss for lack of jurisdiction, without prejudice, pursuant to K.S.A. 2000 Supp. 60-241(b)(1).

The issue of the tolling of the statute of limitations was not properly before the district court and, thus, not properly before this court. However, we note with approval Syllabus 3 of Judge Beier's opinion in *Yoh v. Hoffman*, 29 Kan. App. 2d 312, 27 P.3d 927 (2001):

"Knowingly filing an answer on behalf of a dead person as though he or she is still alive is fraud. It is analogous to concealing oneself under K.S.A. 60-517 and tolls the statute of limitations. It also would excuse noncompliance with the otherwise jurisdictional time limit of the Kansas nonclaim statute."

Affirmed in part, reversed in part, and remanded with instructions to dismiss without prejudice.