**Brian NETWIG, Plaintiff,**

v.

**GEORGIA–PACIFIC CORP. and Willamette Industries, Inc., Defendants.**

No. CIV.A. 02–2143–CM.

United States District Court, D. Kansas.

June 4, 2003.

· Patrick Ross Miller, Ullman, DeZube & Miller, PA, Overland Park, KS, for Brian Netwig.

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Georgia Pacific Corp.

John E. Franke, Michael J. Tubbesing, Franke, Schultz & Mullen, PC, Kansas City, MO, for Willamette Industries, Inc.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Pending before the court are defendants Willamette Industries, Inc. and Georgia-Pacific Corporation's Motions for Summary Judgment in Case No. 02–2143 (Docs. 53 and 55), as well as defendant Georgia–Pacific Corporation's Motion to Designate Judgment as Final Judgment in Case No. 01–2025 (Doc. 42). As set forth below, each of defendants' motions is granted.

## I. Background

As set out in prior orders of the court, plaintiff originally filed this diversity products liability suit, numbered Case No. 01–2025, in this court on January 17, 2001. Plaintiff's products liability claims arose from an eye injury plaintiff sustained while installing plumbing in a new home located in Johnson County, Kansas. Plaintiff sustained his injury while running copper plumbing between floor joists in the home. Plaintiff alleged that defendants Georgia–Pacific and Willamette Industries were responsible for the manufacture and distribution of the floor joists that caused him injury. Plaintiff's complaint raised claims sounding in negligence and strict liability.

On May 14, 2001, defendants moved to dismiss plaintiff's case, asserting plaintiff failed to timely file his complaint under the applicable two-year Kansas state statute of limitations. Rather than file a response to defendants' motion, plaintiff opted to file a notice of Voluntary Dismissal Without Prejudice Pursuant to Fed.R.Civ.P. 41(a)(1)(i), thereby voluntarily dismissing his claims.

Subsequently, plaintiff filed a related complaint in the United States District Court for the District of Minnesota. In that complaint, plaintiff named the same defendants he named in Case No. 01–2025—defendants Georgia–Pacific Corporation and Willamette Industries, Inc.—and asserted three identical claims against these defendants. In addition, in the Minnesota action, plaintiff raised two related state law claims stemming from the events giving rise to his original negligence and strict liability claims. Defendants answered the complaint and filed cross-claims against each other.

Defendants then moved the Minnesota court to dismiss plaintiff's claims as untimely under a statute of limitations theory or, alternatively, to transfer venue to the District of Kansas. Following briefing on defendants' Motions to Dismiss or in the Alternative to Transfer Venue, the District of Minnesota denied defendants' motion to dismiss and granted their motion to transfer venue. In denying their motion to dismiss, the Minnesota court found that Minnesota's five-year state statute of limitations applied to plaintiff's product liability claims, rather than Kansas's two-year statute of limitations. Accordingly, the Minnesota court found plaintiff's product liability claims were timely filed in that court. However, applying 28 U.S.C. § 1404(a), the Minnesota court found venue was proper in the District of Kansas, and therefore transferred venue to the District of Kansas. The Minnesota case has now been docketed in this court as Case No. 02–2143. Recognizing the "circuitous route" plaintiff's case took, the Minnesota court noted that it viewed plaintiff's actions as "a flagrant example of forum shopping."

Following the transfer of venue to this court, defendants moved the court to reinstate Case No. 01–2025 and to consolidate

the prior case with the recently transferred Case No. 02–2143. On May 13, 2002, 2002 WL 1263970, the court entered an order granting defendants' motion. The court later denied plaintiff's motion to reconsider the May 13 order.

As a result of reinstating Case No. 01–2025, defendants' motion to dismiss that case remained pending before this court. In addition, on May 23, 2002, defendants filed a motion to dismiss Case No. 02–2143 on the grounds that it was duplicative of the reinstated Case No. 01–2025. On September 30, 2002, 2002 WL 31253744, the court granted defendants' motion to dismiss Case No. 01–2025, but denied defendants' motion to dismiss Case No. 02–2143. On January 17, 2003, the clerk of the court entered judgment on the court's order of dismissal in Case No. 01–2025.

On December 9, 2002, defendants filed their Motions for Summary Judgment, in which they assert that the court's September 30, 2002 order bars plaintiff's claims in Case No. 02–2143 under the doctrine of *res judicata.* Plaintiff argues that the court did not have jurisdiction to reinstate Case No. 01–2025, and that the court's judgment in that matter is invalid as a result. Alternatively, plaintiff argues that the court's dismissal for lapse of the statute of limitations is not a final judgment on the merits of the case, as required by the *res judicata* doctrine. To remedy the finality aspect of this argument, and to allow plaintiff's appeal to the Tenth Circuit Court of Appeals to progress, defendants filed a Motion to Designate Judgment as Final Judgment. The court now addresses the merits of these pending motions.

## II. Rule 54(b) Certification of Final Judgment

On September 30, 2002, the court dismissed Case No. 01–2025, and on January 17, 2003, the Clerk of the Court entered judgment on the court's order of dismissal.

Plaintiff has filed an appeal of that dismissal to the Tenth Circuit Court of Appeals. However, because Case No. 01–2025 was consolidated with Case No. 02–2143, the order of dismissal did not resolve all claims pending before the court. While there is a split in the circuits as to whether consolidated—but not merged—cases must each be resolved before a judgment becomes final, the Tenth Circuit has held that a judgment or order in a consolidated action that does not dispose of all claims is not a final, appealable decision under 28 U.S.C. § 1291. *Trinity Broad. v. Eller,* 827 F.2d 673, 675 (10th Cir.1987).

On March 17, 2003, the Tenth Circuit issued a show cause order which requested that counsel file a copy of an order from this court which either grants certification of the September 30, 2002 order of dismissal or explicitly adjudicates all remaining claims in the consolidated case. This order will do both.

Rule 54(b) provides that when multiple claims or parties are involved in an action, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R.Civ.P. 54(b). Because "sound judicial administration does not require that Rule 54(b) requests be granted routinely," the power to grant such a request rests with the sole discretion of a district court. *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

In analyzing a Rule 54(b) motion, "a district court must first determine that it is dealing with a 'final judgment.'" *Id.* at 7, 100 S.Ct. 1460. The court's disposition must have been a " 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense

that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Id.* (citation omitted). The court finds that its September 30, 2002 order that granted motions to dismiss Case No. 01–2025 in favor of defendants constituted a "final judgment" for purposes of Rule 54(b), because it was an ultimate disposition of plaintiff's claims against defendants.

After determining finality, the court must examine whether there is any just reason for delay. Fed.R.Civ.P. 54(b), *Curtiss–Wright Corp.*, 446 U.S. at 8, 100 S.Ct. 1460. "In deciding whether there are no just reasons to delay the appeal of individual final judgments ... a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.' " *Id.* (citation omitted).

Defendant argues that there is no just reason for delay and asks the court to issue an order of certification under Rule 54(b). Plaintiff opposes defendant's request. The court is surprised that plaintiff opposes a motion that would allow the appeal to progress, in that *plaintiff* docketed the appeal to the Tenth Circuit. Plaintiff argues that he now seeks to slow the appeal process because one of his primary defenses to defendants' motions for summary judgment is that *res judicata* cannot apply because the dismissal in Case No. 01–2025 is not a final judgment. If the court were to certify the dismissal as a final judgment, plaintiff's argument opposing summary judgment would be less tenable.

Plaintiff argues that Rule 54(b) certification should only be granted in extreme circumstances and only in cases where it can be granted consistent with the policy against piecemeal litigation and appeals.

The court agrees. In cases where multiple issues are presented in a single lawsuit, federal policy dictates that all claims be resolved in a single action and, if an appeal is necessary, that all claims be appealed together. However, this action involves two separate lawsuits. Moreover, as the court has repeatedly pointed out to the parties, the consolidation was not a merger of the two cases into one lawsuit.

Moreover, the court is not persuaded that plaintiff's loss of a less than meritorious defense to defendants' motions for summary judgment amounts to a just reason for delay. The court's opinion is supported by the disingenuous nature of plaintiff's argument; if plaintiff believed that the court's order of dismissal in Case No. 01–2025 was not a final appealable order, the court questions why plaintiff docketed an appeal. Plaintiff's argument is not reasonable. Therefore, the court finds that there is no just reason for delay and orders the Clerk of the Court to enter a final judgment for defendants in Case No. 01–2025.

Finally, even if certification under Rule 54(b) were not appropriate in this case, the court's ruling on defendants' summary judgment motions in Case No. 02–2143 finally disposes of all claims in these two cases, and, therefore, makes each ripe for appellate review.

### III. Summary Judgment

#### A. Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.

1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670–71, 106 S.Ct. 2505. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671, 106 S.Ct. 2505 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *see Adler*, 144 F.3d at 671 n. 1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from

which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut," rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).

### B. *Res Judicata* Impact on Case No. 02–2143

The parties have not raised any issue of fact that relates to the substance of plaintiff's claims. Defendants' only argument as to why no issue of material fact exists is that the court's order of dismissal in Case No. 01–2025 has *res judicata* effect in Case No. 02–2143. If, as defendants argue, the dismissal does have *res judicata* effect, plaintiff's claims in Case No. 02–2143 are barred.

■ Under the Supreme Court's decision in *Semtek International, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), Kansas state law governs whether the court's dismissal of Case No. 01–2025 precludes plaintiff's recovery in Case No. 02–2143.[1] Under Kansas law, *res judicata* prevents relitigation of previously litigated claims. This doctrine consists of the following four elements: (1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits. *Neunzig v. Seaman Unified Sch. Dist. No.*

---

1. In *Semtek,* the Court stated:

   [N]ationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court. This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits.

   *Semtek,* 531 U.S. at 508, 121 S.Ct. 1021.

*345,* 239 Kan. 654, 661, 722 P.2d 569, 575 (1986). The parties agree as to the first three of these four elements. It is undisputed that the claims and parties involved in Case No. 01–2025 are identical to those involved in Case No. 02–2143. It is also undisputed that all of the claims presented in Case No. 02–2143 were or could have been raised in Case No. 01–2025. The sole issue remaining, then, is whether the court's order of dismissal in Case No. 01–2025 was a final judgment on the merits.

While defendants argue that the dismissal was a final judgment on the merits, plaintiff raises two arguments to the contrary: that a court's dismissal for lapse of the statute of limitations is not a determination on the merits of the case, and that the judgment is void for lack of jurisdiction.[2] The court addresses each of these arguments individually.

### 1. Dismissal on Statute of Limitations Grounds as Final Judgment on the Merits

▉ In order to have claim-preclusive effect, a prior order must have been a final judgment on the merits of the case. *Neunzig,* 239 Kan. at 661, 722 P.2d 569. As the court today certifies its dismissal of Case No. 01–2025 as final, that aspect of this argument has already been addressed. However, plaintiff argues that a dismissal based on the statute of limitations is not a judgment on the merits. In making this argument, plaintiff disregards controlling Kansas law.

Rule 60–241(b)(1) of the Kansas Rules of Civil Procedure states, in relevant part:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this paragraph and any dismissal not provided for in this section, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under K.S.A. 60–219 and amendments thereto, operates as an adjudication upon the merits.

Kan. Stat. Ann. § 60–241(b)(1). Based on a plain reading of this statute, the court finds that any dismissal is a judgment on the merits unless it is a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Kan. Stat. Ann. § 60–219. Because the court's dismissal of Case No. 01–2025 does not fall into any of these categories, the court finds that the dismissal was a judgment on the merits.

*Moore v. Luther* supports the court's interpretation of Kan. Stat. Ann. § 60–241(b)(1). 29 Kan.App.2d 1004, 35 P.3d 277 (2001). In that case, the Kansas Court of Appeals found that the trial court lacked subject matter jurisdiction to render a ruling on the merits because the defendant was deceased. The trial court had dismissed plaintiff's claims based on the statute of limitations. The Court of Appeals held that a "dismissal based upon the statute of limitations operates as an adjudication upon the merits," *Id.* at 1007, 35 P.3d 277, and, therefore, reversed the district court's dismissal.

▉ *Moore* is not limited to its facts. In broad, clear terms, the Court of Appeals interpreted Kan. Stat. Ann. § 60–241(b)(1) as dictating that a dismissal based upon the statute of limitations is a judgment on the merits. Under *Semtek,* this court applies Kansas law in the determination of whether *res judicata* exists. The court finds as a matter of law that its

---

**2.** Plaintiff's Suggestions in Opposition to Defendants' Motions for Summary Judgment also set forth an argument that the court's September 30, 2002 order of dismissal did not satisfy the separate document requirement of Fed.R.Civ.P. 58. The court will not address this argument because the Clerk of the Court entered a separate judgment in Case No. 01–2025 on January 17, 2003, rendering plaintiff's argument moot.

dismissal in Case No. 01–2025 is a final judgment on the merits of the case and that the dismissal, therefore, precludes plaintiff's claims in Case. No. 02–2143.

### 2. The Court's Exercise of Jurisdiction Under Fed.R.Civ.P. 60

Plaintiff next argues that the court's order of dismissal in Case. No. 01–2025 is void because the court lacked jurisdiction to issue the order. Specifically, plaintiff argues that the court could not reinstate its original lawsuit under Fed.R.Civ.P. 60(b) because plaintiff voluntarily dismissed that case.

Plaintiff has raised this argument before. In response to defendants' motions to reinstate the case, plaintiff argued that the court lacked jurisdiction. The court found that it had discretion under Rule 60(b) to reinstate the case in order to accomplish justice. The court, therefore, granted defendants' motion to reinstate the original case. Under the law of the case doctrine, therefore, the "circumstances justifying a departure" from the court's earlier ruling on this issue are narrow, and, in this case, do not exist. *See U.S. v. Monsisvais*, 946 F.2d 114, 117 (10th Cir.1991).

■ The court had the opportunity to consider plaintiff's argument a second time when plaintiff filed his motion to reconsider the court's order reinstating the original lawsuit. The court declined that opportunity.

The court's opinion on this issue is clear. Under Fed.R.Civ.P. 60(b)(6), the court has "a 'grand reservoir of equitable power to do justice in a particular case.'" *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir.1990) (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975) (internal quotation marks and citation omitted)). Accordingly, the court found defendants had met their burden to show that plaintiff's impermissible forum shopping

amounted to "extraordinary circumstances," and that vacating plaintiff's voluntary dismissal was "necessary to accomplish justice." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir.1993).

The court declines this third opportunity to address whether it had jurisdiction over Case No. 01–2025 when it reinstated and, later, dismissed that case. As the court has already made a determination that it did have jurisdiction over the case, it finds that the order of dismissal is valid and, as examined above, constitutes a final judgment on the merits of the case, as required by *res judicata.*

**IT IS THEREFORE ORDERED** that defendant Georgia Pacific's Motion to Designate Judgment as Final Judgment in Case No. 01–2025 (Doc. 42) is granted.

**IT IS FURTHER ORDERED** that defendants' Motions for Summary Judgment (Docs. 53 and 55) are granted.